

FILED
FEB 12 2020
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § § | Case No. 4:20CR 37 |
| DAVID WAYNE LABELLE (1)<br>    a/k/a Super Dave<br>CRAIG BEASON (2) | § § § § | Judge Mazzant |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNT ONE

> Violation:  21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute Methamphetamine)

That from sometime on or about April 25, 2019, and continuously thereafter up to in or around September 2019, in the Eastern District of Texas and elsewhere, **David Wayne Labelle** and **Craig Beason**, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute a substance or mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses charged in this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, all property used to commit or facilitate the offenses, proceeds from the offenses, and property derived from proceeds obtained directly or indirectly from the offenses.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____   2/12/20
ANAND VARADARAJAN                 Date
G.R. JACKSON

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | Case No. 4:20CR 37 |
| | § | Judge Mazzant |
| DAVID WAYNE LABELLE (1) | § | |
|    a/k/a Super Dave | § | |
| CRAIG BEASON (2) | § | |

## NOTICE OF PENALTY

Violation:    21 U.S.C. § 846

Penalty:    Imprisonment for a term of not more than 20 years, a fine not to exceed $1 million, or both; and a term of supervised release of at least three years.

If it is shown that the defendant committed such violation after a prior conviction for a felony drug offense has become final, not more than 30 years, a fine not to exceed $2 million, or both; a term of supervised release of at least 6 years.

Special Assessment:    $100.00